IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS CHAVERS, SANDRA PORTZER, BRAZOS VALLEY CARRIAGE COMPANY, L.P., ALL AMERICAN ROADRUNNERS, L.P., and BRAZOS VALLEY ROADRUNNERS, L.P., | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-3922 |
| RANDALL HALL, KALINEC TOWING COMPANY, INC., KALINEC LEASING COMPANY, INC., MYRNA SUE KALINEC, JEFF TAYLOR, JEFFREY CAPPS, ERIC BUSKE, and PAUL JACOB KENDZIOR, | § § § § § § § | |
| Defendants.[1] | § | |

MEMORANDUM AND ORDER

Pending are: Defendant Randall Hall's Motion to Dismiss
(Document No. 25); Defendant Eric Buske's Motion to Dismiss

---

[1] Plaintiffs' Original Complaint, Document No. 1, named the following Defendants: Tyrone Morrow, Michael Ilkner, The City of Bryan, Texas, The City of College Station, Texas, Brazos County, Texas, Christopher Kirk, Glenn Brown, David Watkins, Scott Hines, Karla Wiesepape, Rachel Falwell, Walter Sayers, and Peter Glidewell, all of whom Plaintiffs previously sued on the same subject in a previous action in this Court. *See* Chavers v. Morrow, Civil Action No. 4:08-cv-3286, Document No. 99 (Plaintiffs' Third Amended Complaint) (S.D. Tex. Mar. 8, 2010) (Hoyt, J.) [hereinafter "Chavers I"]. (Plaintiffs also named Jeffrey Winney as a Defendant, but dismissed him from their First Amended Complaint.). Plaintiffs subsequently filed their First Amended Complaint, Document No. 23, which dismissed by omission all original defendants and substituted as Defendants those whose names now appear in the caption of this case: Randall Hall, Kalinec Towing Co., Kalinec Leasing Co., Myrna Sue Kalinec, Jeffrey Taylor, Jeffrey Capps, Eric Buske, and Paul Jacob Kendzior. Accordingly, Document Nos. 12, 15, and 16 are DISMISSED as MOOT, because Plaintiffs no longer sue the original defendants.

(Document No. 32); Defendants Myrna Sue Kalinec's, Kalinec Leasing Co.'s, Kalinec Towing Co.'s, and Jeff Taylor's Amended Motion to Dismiss (Document No. 37);[2] Plaintiffs Thomas Chavers's, Sandra Portzer's, Brazos Valley Carriage Company, L.P.'s, All American Roadrunners, L.P.'s, and Brazos Valley Roadrunners, L.P.'s Motion to Stay Proceedings (Document No. 39); and Defendant Jeffrey Capps's Motion to Dismiss (Document No. 42).   After carefully considering the motions, responses, replies, and the applicable law, the Court concludes as follows.

## I.   Background

### A.   Procedural History

Plaintiffs Thomas Chavers, Sandra Portzer, Brazos Valley Carriage Company, L.P., All American Roadrunners, L.P., and Brazos Valley Roadrunners, L.P. (collectively, "Plaintiffs") are three towing companies and their owners.   Plaintiffs previously filed a virtually identical complaint in this court, which was assigned to Judge Kenneth M. Hoyt, alleging that the cities of College Station and Bryan, together with their agents, conspired to remove Plaintiff towing companies from the cities' non-consent towing lists.[3]   In Chavers I, Plaintiffs alleged: violations of their

_____

[2] Document No. 37 supersedes Document No. 17, which is DISMISSED as MOOT.

[3] Chavers v. Morrow, Civil Action No. 08-cv-3286 (S.D. Tex. Nov. 24, 2010) (Hoyt, J.) [hereinafter Chavers I].

2

civil rights under 42 U.S.C. § 1983 and racketeering in violation of 18 U.S.C. § 1964; libel; business disparagement; civil conspiracy; and abuse of process.[4]   Plaintiffs further sought declaratory and injunctive relief asserting that their due process rights were violated.  After amending their complaint no fewer than three times in Chavers I, Plaintiffs moved for leave to file a fourth amended complaint, which Judge Hoyt denied.[5]  After ruling on numerous motions, Judge Hoyt rendered a take nothing Final Judgment on November 24, 2010, dismissing with prejudice all of Plaintiffs' claims.[6]

Even before Judge Hoyt signed his Final Judgment, but after rendering his substantive rulings against the Cities of Bryan and College Station and their agents, etc., Plaintiffs filed this suit ("Chavers II") against the same defendants Plaintiffs had sued in their Third Amended Complaint in Chavers I, alleging the same set of facts and circumstances.  The re-sued Defendants all moved to dismiss this case (Document Nos. 12, 15, and 16) based on claim preclusion and pursuant to Fed. R. Civ. P. 12(b)(6).  In response, Plaintiffs filed a First Amended Complaint in which they dismissed

---

[4] Document No. 15, ex. D (Chavers I, Third Amended Complaint).

[5] The Fourth Amended Complaint proposed to add Kalinec Towing Company, Inc., Kalinec Leasing Company, Inc., Myrna Sue Kalinec, and Bryan Police Officer Randall Hall as defendants in Chavers I. See Document No. 18, ex. 2 (Chavers I, Document No. 110, ex. A) (Plaintiffs' proposed Fourth Amended Complaint).

[6] See Chavers I, Document No. 163.  Chavers I is now on appeal to the Fifth Circuit.

3

all of those Defendants and substituted a complete new cast,[7] but reiterated essentially all the facts previously alleged, together with these causes of action: (1) violations of the Texas Free Enterprise and Antitrust Act and Section 1 of the Sherman Antitrust Act; (2) civil rights claims of equal protection and due process violations under 42 U.S.C. § 1983 and First Amendment retaliation; (3) tortious interference with business relationships; (4) malicious prosecution against Defendant Kendzior only; and (5) civil conspiracy.[8]

B.   Factual Allegations

Plaintiffs' suit in its present form alleges: (1) the cities of Bryan and College Station, together with their agents, police officers and chiefs of police, and Plaintiffs' main competitor, the Kalinec Defendants d/b/a A-1 Towing, conspired to interfere with Plaintiffs' businesses by removing their towing companies from the non-consent towing lists maintained by the respective

---

[7] *See* Footnote 1, above, at page 1.

[8] *See* Document No. 23 (Plaintiffs' First Amended Complaint). Kalinec Towing Company, Inc. and Kalinec Leasing Company, Inc. do business as "A-1 Towing" and are one of Plaintiffs' competitors. Myrna Sue Kalinec is the owner, and Jeff Taylor is the vice president and secretary, of the Kalinec businesses.  These four Defendants are referred to herein as the "Kalinec Defendants." Jeffrey Capps is the new Chief of Police for the City of College Station, who replaced Michael Ikner; Eric Buske is the new Chief of Police of Bryan, who replaced Tyrone Morrow; and Randall Hall is a City of Bryan police officer.  Paul Jacob Kendzior is alleged to be a resident of Travis County, Texas, and evidently has no connection to any of the other parties.

municipalities; (2) the public officials favor A-1 Towing by funneling work to A-1 and away from Plaintiff towing companies; (3) "A-1 provided barbeques and other gratuities to local law enforcement officers, and these officers reciprocated by circumventing the rotation list and steering business directly to A-1"; (4) there were several incidents where police officers from either the City of Bryan or the City of College Station allegedly called A-1 when the customer had requested one of Plaintiffs' companies;[9] (5) the city of Bryan awarded exclusive contracts to A-1 for all tows to the city impound lot without giving Plaintiffs an opportunity to bid on that contract.[10]

On October 28, 2008, Bryan Police Chief Tyrone Morrow allegedly sent to Plaintiff Chavers a letter explaining that the city was suspending the Roadrunner Plaintiffs indefinitely "due to numerous complaints of criminal activity allegedly committed by employees of those businesses."[11]   Mr. Morrow listed nine case

---

[9] For example, Plaintiffs complain that a police officer would come to the scene of an accident and a motorist would request Plaintiffs to tow them, but the police officer would call the dispatcher and request A-1 Towing (the Kalinec Defendants) instead. Plaintiffs allege this occurred on numerous occasions, and recount four specific instances involving four different police officers. One of the four incidents appears to be the sole basis for naming Officer Hall as a Defendant: on November 6, 2008, when Defendant Hall was dispatched to an accident scene on Highway 6 near the intersection of F.M. 2818, he "apparently . . . requested" A-1 Towing instead of Roadrunners, which Plaintiffs allege had been requested by the vehicle's owner.  Id. at 6.

[10] Id. at 7.

[11] Id. at 8.

reports from the Brazos County Sheriff's office.  Plaintiffs dispute five of the complaints and further state that no one had been charged with a crime at the time of the letter.[12]

On November 3, 2008, Plaintiffs met with Bryan Chief of Police Tyrone Morrow.  Morrow allegedly explained that being on the non-consent towing list was "a privilege," and that tow truck drivers who are on the list act as agents for the city.[13]  Morrow stated that when tow truck drivers are "continually getting involved in discord, [the city] did not need them."[14]  Plaintiffs allege that drivers for A-1 also have criminal records, yet nothing is done to them.[15]

One new allegation in this case, when compared to  Chavers I, is that Defendant Paul Jacob Kendzior ("Kendzior"), allegedly a resident of Travis County, Texas, brought assault charges against Plaintiff Chavers for allegedly pushing him on September 4, 2009, when Kendzior objected to Chavers towing his vehicle.  Chavers was

---

[12] Id. at 8-9.  From their pleadings, it appears that citizens had filed some criminal complaints against Plaintiffs.  Stating that "[t]owing lots are no strangers to controversy," Plaintiffs dismiss their multiple instances of discord in the community as the product of angry citizens who did not want their cars towed.  See id.

[13] Id. at 10.

[14] Id.

[15] See id. at 11.  For example, Plaintiffs allege that A-1 drivers Terry Lott and Deshawn Johnson both have "extensive criminal records."  Id.

acquitted of the charge on November 9, 2010 and sues Kendzior here
for malicious prosecution.

## II.  Discussion

A.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure
to state a claim upon which relief can be granted." FED. R. CIV. P.
12(b)(6).  When a district court reviews the sufficiency of a
complaint before it receives any evidence either by affidavit or
admission, its task is inevitably a limited one. *See* Scheuer v.
Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the
plaintiff ultimately will prevail, but whether the plaintiff is
entitled to offer evidence to support the claims.  Id.

In considering a motion to dismiss under Rule 12(b)(6), the
district court must construe the allegations in the complaint
favorably to the pleader and must accept as true all well-pleaded
facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys.,
117 F.3d 242, 247 (5th Cir. 1997).  To survive dismissal, a
complaint must plead "enough facts to state a claim to relief that
is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct.
1955, 1974 (2007).  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949

7

(2009).  While a complaint "does not need detailed factual allega-
tions . . . [the] allegations must be enough to raise a right to
relief above the speculative level, on the assumption that all the
allegations in the complaint are true (even if doubtful in fact)."
Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote
omitted).

B.   Analysis

   1.   Motions to Dismiss Defendants Hall, Buske, and Capps

      Defendants Hall, Buske and Capps each argue that the judgment
in Chavers I has preclusive effect on subsequent actions against
them which are based on the same nucleus of operative facts.  The
preclusive effect of a prior federal court judgment is controlled
by federal res judicata rules.  Ellis v. Amex Life Ins. Co., 211
F.3d 935, 937 (5th Cir. 2000).  The elements of res judicata are:
(1) the parties in the second action are the same, or in privity
with, the parties in the first action; (2) judgment in the first
case was rendered by a court of competent jurisdiction; (3) there
has been a final judgment on the merits; and (4) the same claim or
cause of action is involved in both suits.  Id.[16]

_____

   [16] The Court evaluates the various Defendants' motions to
dismiss based on res judicata pursuant to Rule 12(b)(6), because
the elements of res judicata are evident on the face of the
pleadings, see Kansa Reinsurance Co. v. Congressional Mortg. Corp.
of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994), and are matters of
which the Court may take judicial notice.  Hall v. Hodgkins, 305 F.
App'x 224, 226-27 (5th Cir. 2008).  A court must limit itself to

Plaintiffs do not dispute that _Chavers I_ was decided in a court of competent jurisdiction or that a final judgment on the merits was rendered in that case. Plaintiffs contend that _res judicata_ does not apply because (1) the officers are different than the parties in _Chavers I_, and (2) Plaintiffs have brought different claims.

### a.   Same Parties or Privies

A strict identity of parties is not required to satisfy the first element of _res judicata_; it is sufficient for the parties in both actions to be in privity with one another. _Russell v. SunAmerica Secs., Inc._, 962 F.2d 1169, 1173 (5th Cir. 1992). Privity between parties exists for _res judicata_ purposes in three situations: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." _Meza v. Gen. Battery Corp._, 908 F.2d 1262, 1266 (5th Cir. 1990). The Fifth Circuit has further explained that the identity

---

the contents of the pleadings and the attachments thereto in a motion to dismiss. _Collins v. Morgan Stanley Dean Witter_, 224 F.3d 496, 498 (5th Cir. 2000).

Here, the Court takes judicial notice of the pleadings and judgments rendered in _Chavers I_. _See_ _Jefferson v. Lead Indus. Ass'n, Inc._, 106 F.3d 1245, 1250 n.14 (5th Cir. 1997) (the court may take judicial notice of matters of public record, such as court documents, in considering a Rule 12(b)(6) motion).

of parties element "is not defeated by a change in the capacity in which an individual sues, nor is it defeated by the inclusion of additional parties to the second suit." United States ex. rel. Laird v. Lockheed Martin Eng'g & Sci. Servs., Co., 336 F.3d 346, 357 (5th Cir. 2003), *abrogated on other grounds by* Rockwell Int'l Corp. v. United States, 127 S. Ct. 1397, 1408 (2007) (internal citations omitted). "[T]he word 'parties' does not refer to formal or paper parties, but to parties in interest, that is, that persons whose interests are properly placed before the court by someone with standing to represent them are bound by the matters determined in the proceeding." Southmark Prop. v. Charles House Corp., 742 F.2d 862, 869 (5th Cir. 1984) (finding that a major stockholder in the debtor corporation who participated in and had a "strong pecuniary interest in the outcome" of the proceedings was in privity with the original defendants such that the prior judgment was binding upon him).

Defendant Capps, Chief of Police for the City of College Station, is the immediate successor to former Chief Michael Ilkner, a prevailing defendant in Chavers I, and Defendant Buske, the Chief of Police for the City of Bryan, is the immediate successor to former Chief Tyrone Morrow, a prevailing defendant in Chavers I. Hence, both Defendants Capps and Buske are in direct privity with their immediate predecessors in office with respect to Plaintiffs' claims in Chavers I that are now again alleged in this case. *See* Meza, 908 F.2d at 1266. Additionally, the pleadings reflect that

Police Chief Capps is an agent of and acting under the authority of the City of College Station with respect to his enforcement of City policies in this case and, therefore, he is in privity with the City of College Station, which also was a prevailing party in Chavers I.  *See* Johnson v. City of Houston, No. H-10-CV-366, 2010 WL 3909929, at *8 (S.D. Tex. September 20, 2010) (Hoyt, J.) (holding that the Houston Chief of Police and Houston Police Department were in privity with the City of Houston, a party named in a previous lawsuit based on the same facts as new lawsuit).  The same is true for Defendant Buske, who is the agent of and acting under the authority of the City of Bryan with respect to the facts alleged in this case.  He, therefore, is in privity with the City of Bryan, which was a prevailing party in Chavers I.  *See* id.

Defendant Officer Hall of the City of Bryan was also acting in his capacity as a police officer for the City of Bryan when he was dispatched to investigate the accident on Highway 6 on November 6, 2008, and allegedly requested A-1 Towing Services rather than Plaintiff Roadrunners to tow a wrecked vehicle.  Indeed, in their proposed Fourth Amended Complaint in Chavers I, Plaintiffs alleged additional details with respect to this single incident alleged against Defendant Hall, as follows:  "Defendant Hall said his Chief, i.e., Defendant [former Chief of Police Tyrone] Morrow, had told him to prohibit Roadrunners from making the tow."  *See* Document No. 18, ex. 2 ¶ 33 (Plaintiffs' Fourth Amended Complaint).  A comparison of the plaintiffs' pleadings, both filed

and proposed in Chavers I and in this case, fully demonstrates that Defendant Hall was in privity not only with the City of Bryan but also with Chief of Police Morrow with respect to the facts alleged against Officer Hall in this case. *See* Russell v. SunAmerica Sec., Inc., 962 F.2d 1169, 1174 (5th Cir. 1992); *see also* Strong v. City of Dallas, No. Civ. A. 3:02CV1758-P, 2005 WL 1544799 (N.D. Tex. June 29, 2005). Defendant Hall's interests were "adequately represented in the prior proceeding," Meza, 908 F.2d at 1266, Chavers I was finally adjudged against Plaintiffs, and Defendant Hall's privity with the prevailing Defendants in the prior case precludes Plaintiffs from suing Hall on the same set of facts.

### b.   Same Claim or Cause of Action

Plaintiffs contend that *res judicata* does not apply to bar the claims against Defendants Hall, Buske, and Capps, because they have asserted new causes of action here. Plaintiffs allege antitrust and tortious inference with business relationships as the new causes of action against Defendants Hall, Buske, and Capps. They also repeat the same § 1983 civil rights and civil conspiracy claims alleged in Chavers I. These reiterated claims are barred by *res judicata* as to Defendants Hall, Buske, and Capps, as privies to the defendant parties in Chavers I.

As for the newly asserted causes of action, the Fifth Circuit applies the transactional test to determine whether two suits

involve the same claim.  *See* Southmark, 742 F.2d at 870-71 & n.12.
To determine whether a given grouping of facts constitutes a single
transaction, a court examines "whether the facts are related in
time, space, origin, or motivation, whether they form a convenient
trial unit, and whether their treatment as a unit conforms to the
parties' expectations or business understanding or usage." Petro-
Hunt, L.L.C. v. United States, 365 F.3d 385, 396 (5th Cir. 2004).
A court examines the "factual predicate of the claims asserted, not
the legal theories upon which a plaintiff relies," in order to
determine whether two causes of action are based on the "same
nucleus of operative facts." Eubanks v. F.D.I.C., 977 F.2d 166,
171 (5th Cir. 1992).

     It is evident from a comparison of the complaints that
Plaintiffs' antitrust and tortious interference with business
relationships claims are based on the same nucleus of operative
facts alleged and upon which Final Judgment was entered in
Chavers I.  Specifically, the factual predicate in both suits rests
on Plaintiffs' contention that the cities of College Station and
Bryan removed them from the non-consent towing list and favored
another tow company.  In both lawsuits, Plaintiffs allege that the
cities and public officials on numbers of occasions steered
business away from Plaintiff towing companies, and the allegations
in both suits describe many of the same instances of alleged
wrongdoing.  The inescapable substantive identity of the nucleus of

13

operative facts giving rise to Plaintiff's action against
Defendants in this case with the action they brought in Chavers I
is fully apparent from an examination of Judge Hoyt's Memorandum
Opinion and Order signed March 23, 2010, granting the City of
Bryan's Motion for Judgment on the Pleadings in Chavers I:

> It is sufficient background to state that the plaintiffs
> commenced this suit in 2008, when the three (3) towing
> companies owned by Chavers and Portzer were removed from
> the City's approved non-consensual towing list and not
> allowed to participate in the program.    Similar
> allegations were made against the City of College
> Station, Texas and Brazos County, Texas.  As well, the
> Chief of Police for the City, Tyrone Morrow, and Brazos
> County Sheriff, Christopher Kirk, among other officials,
> were accused of favoritism and retaliation.

Memorandum Opinion and Order dated March 23, 2010, at p. l, Civil
Action No. 08-CV-3286, Thomas Chavers, et al., Plaintiffs v. Tyrone
Morrow, et al, Defendants.

Plaintiffs cannot avoid the preclusive effect of Chavers I
merely by raising different legal theories on that same set of
alleged facts.  Eubanks, 977 F.2d at 171.  Plaintiffs could have,
and should have, raised their antitrust and tortious interference
claims in Chavers I.  See Matter of Howe, 913 F.2d 1138, 1144 (5th
Cir. 1990) ("The rule is that res judicata 'bars all claims that
were or could have been advanced in support of the cause of action
on the occasion of its former adjudication, . . . not merely those
that were adjudicated.'" (quoting Nilsen v. City of Moss Point,
Miss., 701 F.2d 556, 560 (5th Cir. 1983)) (emphasis in original)).

Accordingly, Plaintiffs' antitrust and tortious interference claims against Defendants Hall, Buske, and Capps are barred by *res judicata*, and all claims against those defendants will be dismissed.

    2.  <u>Motion to Dismiss the Kalinec Defendants</u>

The Kalinec Defendants assert that a "special relationship" exists between the alleged co-conspirators in <u>Chavers I</u> and themselves such that this action against them is barred by *res judicata*. <u>Gambocz v. Yelencsics</u>, 468 F.2d 837, 842 (3d Cir. 1972). The Fifth Circuit in <u>Lubrizol Corp. v. Exxon Corp.</u> explained:

> The doctrinal basis for these decisions [barring subsequent claims based on *res judicata*] has varied according to their fidelity to traditional mutuality or privity concepts, but they share a common practical thread. Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a *"special relationship" between the defendants in each action, if not complete identity of parties*; and where although the prior action was concluded, the plaintiff's later suit continued to seek essentially similar relief, the courts have denied the plaintiff a second bite at the apple.

871 F.2d 1279, 1288 (5th Cir. 1989) (citing <u>Gambocz</u>, 468 F.2d at 837) (emphasis added).

In <u>Gambocz</u>, cited with approval by the Fifth Circuit in <u>Lubrizol</u>, the plaintiff previously had sued four defendants for unlawfully conspiring "to cause criminal processes and

incarceration [of plaintiff] for the mere owing of civil debts."
Id. at 839 n. 2.   After a federal court dismissed all claims,
plaintiff brought an identical action against the four original
defendants and three new defendants.   The Third Circuit held that
the "relationship of the additional parties to the second complaint
was so close to parties to the first complaint that the second
complaint was merely a repetition of the first cause of action,"
and was therefore barred by *res judicata*.   Id. at 842.   In making
this assessment, the court noted:  (1) the "essential allegations
of the second complaint parallel those of the first"; (2) some of
the new defendants had been mentioned in the first complaint as
having participated in the conspiracy; and (3) the sole material
change in the later suit was the addition of certain defendants.
Id.

     Here, like Gambocz, the third amended complaint in Chavers I
and the amended complaint in this case contain the same basic
factual allegations.[17]   Further, Plaintiffs in their third amended
complaint in Chavers I alleged that the Kalinec Defendants'
company, A-1 Towing Service, was a participant in the overall
conspiracy, that it gave barbeques and other unspecified gratuities
to unnamed officials, and that it received exclusive city
contracts.   Finally, Plaintiffs here merely substitute an antitrust

_____

     [17]  The sole exception is the addition of a malicious
prosecution cause of action against Kendzior, which relates to none
of the Kalinec Defendants.

claim for a RICO claim and a tortious interference with business relationships claim for a business disparagement claim.   As observed above, these claims all arise from the same nucleus of operative facts and could have been brought in the previous action. The further fact that in Chavers I Plaintiffs belatedly sought to sue the Kalinec Defendants[18] by filing a fourth amended complaint persuasively weighs in favor of Defendants' privity argument: Plaintiffs had ample information to sue them in the first action, but failed timely to do so.   *See* Somerville House Mgmt., Ltd. v. Arts & Entm't Television Network, No. 92-CIV-4705, 1993 WL 138736 (S.D.N.Y. Apr. 28, 1993) (holding that new defendants not joined in the first conspiracy action but who had been "major participants in a single conspiracy," and who the plaintiff conceded could have been included in the earlier action, had a "sufficiently close relationship" to the previous defendants such that *res judicata* barred a subsequent action against the new defendants).

Plaintiffs rely on Taylor v. Sturgell, 128 S. Ct. 2161 (2008), for the proposition that *res judicata* does not bar their claims against the Kalinec Defendants because they are different defendants from those named in Chavers I and do not fall under one

---

[18] Plaintiffs did not name one of the Kalinec Defendants, Jeff Taylor, Vice President and Secretary of the Kalinec businesses, in the fourth amended complaint, but Plaintiffs allege nothing against Taylor in this case other than what they allege equally against Defendant Myrna Sue Kalinec, the owner of the Kalinec businesses, who Plaintiffs did name as a defendant in the fourth amended complaint.

of the exceptions to non-party preclusion listed in Taylor.  In Taylor, the two successive plaintiffs brought identical actions against the same defendant, the Federal Aviation Administration, to obtain certain documents under the Freedom of Information Act.  Id. at 2167.  The two plaintiffs were friends but shared no legal relationship.  Id.  The Supreme Court, rejecting "virtual representation" as an exception to the identity of parties requirement for *res judicata*, held that each plaintiff was entitled to his day in court, absent some showing that one acted as the agent for the other.  Id. at 2171-73.

This case is quite different from Taylor.  Here, *the same Plaintiffs* from Chavers I, who had full and fair opportunity to "have their day in court," now pursue a *second* suit on the same nucleus of operative facts against the Kalinac Defendants, *whom they accused of wrongdoing and conspiracy in* Chavers I, but whom they chose not to sue in that case, at least until belatedly attempting to file a *fourth* amended complaint.  Unlike the plaintiffs in Taylor, Plaintiffs' own pleadings in Chavers I and the instant case bear witness to the "special relationship" that the Kalinec Defendants share with the other defendants, their putative co-conspirators.  *See* Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 560 (5th Cir. 1983) (holding that the denial of plaintiff's tardy motion for leave to amend her complaint operated as *res judicata* for that claim in a subsequent suit); *see also*

<u>Hrabe v. Paul Revere Life Ins. Co.</u>, 76 F. Supp.2d 1297, 1303-04 (M.D. Ala. 1999) (same).  Accordingly, the Court finds that there was a special relationship between the alleged co-conspirators in <u>Chavers I</u> and the Kalinec Defendants tantamount to an identity of the parties sufficient to bar by *res judicata* Plaintiffs' present action against the Kalinec Defendants.

   3. <u>Plaintiffs' Cause of Action Against Kendzior</u>

   Finally, Plaintiffs allege malicious prosecution against Defendant Paul Jacob Kendzior.  Kendzior, according to Plaintiffs' First Amended Complaint, evidently illegally parked his vehicle at an apartment complex in College Station.  Plaintiff Roadrunners attempted to tow Kendzior's vehicle from the no-parking zone and the following occurred:

> College Station police were called to the scene because Kendzior falsely claimed that he was pushed by Plaintiff Chavers.  At the behest of Kendzior, College Station police filed assault charges against Chavers, even though they normally would not pursue such a case in the absence of a credible third-party witness.  The charge was filed as part of the City of College Station's ongoing policy of retaliating against the Plaintiffs for filing *Chavers I*.  Plaintiff Chavers was acquitted of the bogus charge on November 9, 2010.

Plaintiffs' First Amended Complaint, ¶ 44.  Hence, Plaintiffs in Count IV allege "Defendant Kendzior is liable to Plaintiff Chaves [sic] for malicious prosecution."

Given the dismissal of Plaintiffs' other causes of action against all other Defendants, which were the sole basis for the Court's original jurisdiction, and in the absence of diversity jurisdiction, the question now presented is whether this Court should retain supplemental jurisdiction over the remaining state law claim against Kendzior. *See* 28 U.S.C. § 1367. District courts may decline to exercise supplemental jurisdiction over state law claims when, among other reasons, the district court has dismissed all claims over which it has original jurisdiction. Id. § 1367(c). In addition, the Supreme Court has explained that considerations regarding "judicial economy, convenience, fairness, and comity" are relevant to determining whether a court should retain state law claims. *See* Carnegie-Mellon Univ. v. Cohill, 108 S. Ct. 614, 623 (1988); *see also* United Mine Workers v. Gibbs, 86 S. Ct. 1130, 1139 (1966). The general rule, though not absolute, is that when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Cohill, 108 S. Ct. at 619 n.7 (analyzing Gibbs, 86 S. Ct. at 1139); *see also* Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999).

Defendant Kendzior, alleged to be a resident of Travis County, Texas, allegedly illegally parked his vehicle in front of an apartment complex in College Station. As a result of his ensuing

fateful and chance encounter with tow truck operator Plaintiff
Chavers, Plaintiff Chavers seeks to draw this hapless visitor to
College Station into the vortex of Plaintiffs' serial litigation
against the cities of College Station and Bryan.[19]  Both the Court
and the College Station visitor who parked in the wrong place, in
the interest of judicial economy, convenience, fairness, and
comity, should be spared having to attend Plaintiff Chavers's
"malicious prosecution" claim in this Court.  Accordingly, the
Court declines to exercise supplemental jurisdiction over
Plaintiff's state law claim against Paul Jacob Kendzior, and this
cause of action will be dismissed without prejudice to Plaintiff
refiling the same in an appropriate state court.

---

[19]  Plaintiffs move for entry of default (Document No. 35)
because Defendant Kendzior never responded to Plaintiffs' suit.
The summons returned and on file at Document No. 34 is captioned,
"Thomas Chavers, et al., Plaintiff v. Jeffrey Winney, et al.,
Defendant," and recites that Defendant Kendzior must serve on
Plaintiff an answer "to the attached complaint" in accordance with
the Federal Rules of Civil Procedure.  Jeffrey Winney, of course,
was named in the Original Complaint, but Plaintiffs dropped Winney
when they filed their First Amended Complaint.  Kendzior was *not*
sued in the Complaint that named Winney.  There is no proof that
Kendzior was served with Plaintiffs' *First Amended Complaint* which,
for the first time, named Kendzior as a Defendant.  Moreover, the
summons identifies Kendzior's address as 481 Dean Road in Cibolo,
Texas.  Cibolo is not in Travis County, where Plaintiffs allege
that Kendzior resides, but in Guadalupe County.  The process
server's return reflects service upon a person bearing Kendzior's
name, but at a completely different address in Cibolo than the
address shown on the face of the summons.  Plaintiffs have not
shown themselves entitled to a default against Kendzior, but
regardless, all of these matters as well as a damages hearing, if
Kendzior does default, are best left to the appropriate state
court.

IV.  <u>Order</u>

Accordingly, it is

ORDERED that Defendant Randall Hall's Motion to Dismiss (Document No. 25), Defendant Eric Buske's Motion to Dismiss (Document No. 32), Defendant Jeffrey Capps's Motion to Dismiss (Document No. 42), and Defendants Myrna Sue Kalinec's, Kalinec Leasing Co.'s, Kalinec Towing Co.'s, and Jeff Taylor's Amended Motion to Dismiss (Document No. 37) are all GRANTED, and all Plaintiffs' claims against them are DISMISSED with prejudice.  It is further

ORDERED, based upon the Court's determination to decline to exercise supplemental jurisdiction over Plaintiff Chavers's remaining cause of action, a state law claim against Defendant Paul Jacob Kendzior,  that Plaintiff's cause of action against Defendant Paul Jacob Kendzior is DISMISSED WITHOUT PREJUDICE to Plaintiff refiling the claim in an appropriate state court.  It is further

ORDERED that all other pending motions are DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 16th day of June, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

22