IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**F I L E D**
September 17, 2012

Lyle W. Cayce
Clerk

No. 11-20833
Summary Calendar

---

THOMAS CHAVERS; SANDRA PORTZER; BRAZOS VALLEY CARRIAGE COMPANY, L.P.; BRAZOS VALLEY ROADRUNNERS, L.P.; ALL AMERICAN ROADRUNNERS, L.P.,

United States Courts
Southern District of Texas
FILED

OCT 15 2012

David J. Bradley, Clerk of Court

           Plaintiffs-Appellants

v.

RANDALL HALL; KALINEC TOWING COMPANY; KALINEC LEASING COMPANY; MYRNA SUE KALINEC; JEFF TAYLOR; ERIC BUSKE; JEFFREY CAPPS; PAUL JACOB KENDZIOR,

           Defendants-Appellees

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-3922

---

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

  A group of tow-truck companies and their owners have twice filed suit against several public officials and the owners and operators of competing companies. Over the course of both suits, the identities of the individual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants have changed, but the plaintiffs' claims have remained substantially the same. In the current case, the district court dismissed each of the plaintiffs' federal claims with prejudice due to res judicata. It then declined to exercise jurisdiction over the remaining state-law claim. The plaintiffs allege each decision was erroneous. We AFFIRM.

## FACTS

When the Texas cities of Bryan and College Station need to have motor vehicles moved without the owners' consent, they rely on local towing companies. The cities maintain a list of these companies and rotate selections off the list. Individual plaintiffs Thomas Chavers and Sandra Portzer own the plaintiff businesses. They allege that some defendants routinely disregarded the rotation list and deprived the plaintiffs of business and violated their civil rights. The other defendants are towing companies allegedly benefitting from these actions.

The complaint alleges that Bryan's chief of police sent a letter to Chavers in October 2008, notifying him of the suspension about his towing company because of complaints that Chavers' employees committed crimes when towing vehicles. Chavers met with the police chief and complained that employees of other companies had similar complaints made against them. Not receiving any relief, Chavers filed suit in the United States District Court for the Southern District of Texas. The thrust of the complaint was that other companies provided gratuities to city officials and law enforcement officers and that a conspiracy among these other companies and officials led to Chavers' company no longer receiving any business.

After some preliminary rulings adverse to their position, the plaintiffs filed this substantially duplicative action against the same defendants in the same district court. The original case also proceeded. The defendants moved to dismiss the new suit, arguing that all the claims were the subject of the original proceeding and therefore were barred from relitigation by res judicata. In

response, the plaintiffs amended their complaint to substitute some new defendants. The amended complaint also contained an additional allegation of harassment that occurred after the time for filing amended pleadings in the original proceeding had expired. The plaintiffs claimed that Paul Jacob Kendzior, a private citizen who had an encounter with Chavers over towing his vehicle, falsely alleged that Chavers had assaulted him. Other than this one allegation, the second complaint is indistinguishable from the operative complaint in the original proceeding.

While this second case proceeded, the district court entered judgment in the defendants' favor in the first suit. On appeal, among plaintiffs' arguments was that leave should have been granted to file a fourth amended complaint. We affirmed. *Chavers v. Morrow*, 449 F. App'x 411 (5th Cir. 2011).

The defendants in the second case filed a motion to dismiss for failure to state a claim, arguing that the plaintiffs' claims could not overcome the preclusive effect of the decisions in the first case. The plaintiffs countered that res judicata was inapplicable because there were some new defendants and an additional claim had been made. The district court held that most of the claims were barred by res judicata. The only claim that was not dismissed with prejudice was a state-law claim of malicious prosecution. The district court declined to exercise supplemental jurisdiction over it. The plaintiffs appeal.

## DISCUSSION

We review *de novo* a district court's decision to dismiss a claim due to the bar imposed by res judicata. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). The district court's decision "not to retain supplemental jurisdiction but instead to remand, is reviewable on appeal for an abuse of discretion." *Regan v. Starcraft Marine, LLC*, 524 F.3d 627, 631 (5th Cir. 2008). "We may affirm the district court's judgment on any basis supported by the record." *United States v. Clay*, 408 F.3d 214, 218 n.7 (5th Cir. 2005).

The plaintiffs begin their current arguments by disputing the district court's analysis in the first suit. Another panel of this court affirmed that decision. *Chavers*, 449 F. App'x at 411. We do not re-examine those issues.

The plaintiffs also contend that res judicata does not prevent them from bringing their current claims. "Res judicata generally bars re-litigation of claims that actually were or should have been made earlier." *Turner*, 663 F.3d at 775. The doctrine generally applies if "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

The plaintiffs contend that res judicata does not apply because their current claims are different from those brought in their first suit. To evaluate whether the two suits are sufficiently similar, we apply what is called the "transactional test," which provides that "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* A "cause of action" is a group of operative facts out of which different theories of liability could be asserted; "it is black-letter law that *res judicata,* by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication." *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (citation omitted).

We agree with the district court that all of the claims in this complaint flow from acts that were mentioned in the previous complaint and are claims that at least could have been raised before. There is a claim that was not made in the first suit, and we will discuss whether it should have been. The new claim is one for malicious prosecution. Plaintiffs allege that College Station police, at

4

Kendzior's request, filed assault charges against Chavers based on a supposed confrontation between the two in early September 2009. The plaintiffs' amended complaint claimed "the charge was filed as part of the City of College Station's ongoing policy of retaliating against the Plaintiffs for filing" the first suit.

Chavers made two claims based on this alleged event. One was a state-law malicious-prosecution claim against Kendzior, which the district court dismissed after determining it was the only remaining claim. Chavers also alleged that the malicious prosecution for assault was part of the continuing retaliation for his exercise of his First Amendment right. This new event occurred after most of the different amended complaints had been filed in the first lawsuit, but it occurred before dismissal of the first suit. The motion for leave to file a final amended complaint (the fourth) in the first suit was filed on March 31, 2010. That amendment did not include a claim based on the September 2009 Kendzior event but instead claimed tortious interference with business relations. The district court refused to allow its filing on April 21, 2010. Final judgment was entered on November 24, 2010.

When a district court denies leave to amend due to the lateness of the request, "[a]ny error should be corrected by appeal in the first proceeding." 18 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 4412 (2d ed.). On appeal, this court found no error. *Chavers*, 449 F. App'x at 411. The plaintiffs did not try to amend their complaint to add the Kendzior allegations in the first lawsuit, even though they sought to add the other new claim. An amendment that included a plausibly alleged claim of a conspiracy based on the Kendzior event might have been accepted, or this court on appeal might have reversed. Neither the district judge nor this court was ever presented this claim in the first lawsuit.

We conclude the new Section 1983 claim against other defendants, that they were engaging in a conspiracy to retaliate against plaintiffs for the exercise

of their First Amendment rights, are among the claims that either were or could have been made in the initial litigation. This claim also is barred by res judicata.

Next, the plaintiffs challenge the district court's decisions regarding the malicious-prosecution claim against Kendzior. We start with their assertion that the district court abused its discretion by declining to exercise supplemental jurisdiction over that claim. State-law claims generally are for state courts. If a plaintiff asserts federal claims as well as state claims, the federal court may exercise jurisdiction over the entire case. 28 U.S.C. § 1367. If a district court subsequently dismisses the federal claims, its decision whether to exercise jurisdiction over the remaining state claims "is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). We have already determined that each of the federal claims was properly dismissed. "[W]hen all federal claims are dismissed or otherwise eliminated from a case prior to trial, we have stated that our 'general rule' is to decline to exercise jurisdiction over the pendent state law claims." *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir.1998) (citation omitted), *overruled in part on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (en banc). Here, the plaintiffs have not put forth sufficient reasons to show that the district court abused its discretion by following our general rule.

The defendants also disagree with the district court's refusal to enter a default judgment against Kendzior. "We review the denial of a default judgment for abuse of discretion." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009) (quotation marks and citation omitted).

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.1989). For this reason, "any

doubts usually will be resolved in favor of the defaulting party." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2681 (3d ed.). Moreover, even if the plaintiffs had shown that Kendzior had defaulted, that showing would not necessarily be sufficient: "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding*, 555 F.3d at 424 (quotation marks and citation omitted).

The plaintiffs primarily complain that the district court should have applied the plausibility standard applicable to pleadings when considering their claim that Kendzior defaulted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). They contend they alleged sufficient facts to establish a default. Plaintiffs are applying the wrong standard. When courts are presented with a motion for entry of default judgment, benefit of the doubt is given to the non-moving party. *See* 10A Wright & Miller § 2681. A party is not entitled to a default judgment simply because it has stated facts which make it plausible that a defendant may have defaulted. The district court may have resolved doubts about the default in Kendzior's favor, but that is not error.

The plaintiffs also challenge the procedures followed by the district court clerk regarding an entry of default. It is acknowledged that the clerk is not required to enter a default when presented with insufficient factual support. The plaintiffs contend nevertheless that if the clerk was not satisfied with the information presented, he should have requested more. It is the plaintiffs' responsibility to ensure they meet their evidentiary burden, not the clerk's.

AFFIRMED.